IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONTAE JONES,

        Petitioner,

v.                                    CIVIL ACTION NO. 2:12cv74
                                          (Judge Bailey)

TERRY O'BRIEN,

        Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On November 7, 2012, the *pro se* petitioner, Dontae Jones, an inmate at USP Hazelton, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241, raising three issues. The petitioner paid the required filing fee on December 7, 2012. On December 19, 2012, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On January 22, 2013, the respondent filed his response by filing a Motion to Dismiss or in the Alternative, Motion for Summary Judgment. On July 27, 2009, a Roseboro Notice was issued. On April 9, 2013, the petitioner filed a response in opposition to the petitioner's motion.

### II. FACTS

On November 9, 2005, the petitioner was convicted of committing attempted unlawful wounding on July 14, 2005, in violation of Virginia Code § 18.2-51. (Doc. 1-13, p.1). On January 6, 2006, the Circuit Court of Prince William County, Virginia, sentenced the petitioner to five years in jail, four years and six months suspended, and five years of supervised probation. (Doc. 1-13, p.2)

On March 5, 2009, the United States filed a Criminal Complaint in the United States District

1

Court for the Eastern District of Virginia alleging that on January 15, 2009, the petitioner had possessed a firearm despite his status as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 16-1, p.1). On May 7, 2009, the petitioner was arrested on the Criminal Complaint, and on May 8, 2009, he was brought before a United States Magistrate Judge and ordered detained. (Docs. 16-3, 16-4).

On June 30, 2009, the United States filed a one-count information charging that on January 26, 2009, the petitioner had been a felon in possession of a firearm, namely a Romarm, model WASR-10/63, caliber: 7:62 x 39 Millimeter semi-automatic rifle. (Doc. 16-5). That same day, the petitioner entered a guilty plea pursuant to a written plead agreement signed on June 18, 2009. (Doc. 16-6). On September 25, 2009, the Honorable T.S. Ellis sentenced the petitioner to 70 months in prison to be followed by a term of supervised release of three years. (Doc. 16-8).

On October 15, 2009, the BOP computed the petitioner's 70-month sentence. The BOP began the computation on September 25, 2009, the day of his sentencing, and awarded him prior credit time from May 7, 2009, the day of his arrest, until September 24, 2009, the day before he was sentenced. His projected release day, via good conduct release, is June 4, 2014.

On January 8, 2010, the petitioner appeared before the Circuit Court of Prince William County, in person and by counsel, for a hearing to show cause why his probation and suspended sentence should not be revoked. (Doc. 1-14). The petitioner stipulated and conceded to the violation of the terms and conditions of supervised probation. (Doc. Id.). By Order dated February 2, 2010, the circuit court found the petitioner in violation of his probation based upon an unspecified offense which occurred on April 22, 2009, and imposed one year of his previously suspended sentence. (Doc. 1-14, p. 2). On September 10, 2010, a detainer was filed against the petitioner in favor of the Prince William County/Manassas Regional Adult Detainer Center in Manassas, Virginia. (Doc. 1-10).

### III. **CONTENTIONS OF THE PARTIES**

In support of his petition, the petitioner raises three allegations. First, he alleges that the BOP and Warden Terry O'Brien have denied him access to state court rules and case law and have, therefore, interfered with his ability to challenge the improper detainer. Second, he alleges that the Circuit Court of Prince William County has denied him access to the courts and has refused to adjudicate the issues surrounding his detainer, thus violating his constitutional rights to access the courts and double jeopardy protection. Finally he alleges that the state detainer is unlawful because he is currently confined in federal custody and has no access to state law or state court through which to challenge the detainer. Although not listed as a ground for relief, the petitioner further indicates that his custody score points for the detainer should be removed because he is not a public threat and should not be housed in a dangerous USP prison simply because of the detainer.

The respondent argues that the petitioner's first and third allegations are unsupported in fact and law. With respect to the petitioner's second allegation, the respondent contends that it does not rise to the level of a constitutional deprivation.

In his reply, the petitioner maintains that he is being denied equal protection of the law. More specifically, the petitioner alleges that the state detainer is acting to hold him in federal prison longer that a normal prisoner because it prevents him from being released to a half way house. The petitioner maintains that had the state resolved its case, and required him to serve his state parole violation time before he was released back to federal officials, he would be allowed to go to a halfway house. The petitioner requests that the court compel the BOP to treat him equally by allowing him to parole at the time he is able to go to a halfway house, or to give him six months credit to protect his 14th amendment rights to equal protection

## IV. STANDARD OF REVIEW

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it

3

does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129

S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

## V. ANALYSIS

In his first and third allegations, the petitioner maintains that he has been denied access to state court rules and case law necessary to challenge a Virginia state detainer, making his detention unconstitutional. Strictly speaking, the petitioner is not entitled to any relief on these grounds under § 2241 because he is not challenging the legality of his federal custody. Rather, he is challenging the conditions of confinement or a violation of his civil rights, and these are not claims which can be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the claims raised in grounds one and three of the petition, the petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[1] and pay the $350.00 filing fee.[2]

In his second allegation, the petitioner alleges that the Circuit Court of Prince William County, Virginia, has improperly refused to adjudicate constitutional issues he has raised in challenging the detainer, leaving him ineligible for re-entry programs, the half-way house, the Residential Drug Addiction Program, and a lower level security prison. However, federal inmates do not possess a protected liberty interest in security classifications. Grayson v. Federal Bureau of Prisons, 2012 WL 380426 (N.D. W.Va. Feb. 6, 2012). Instead, security classification is reserved to the sole discretion of prison officials. See Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994); Wagoner v. O'Brien, 2012 WL 2922679 (N.D. W.Va. July 18, 2012). Likewise, federal inmates do not possess a constitutional

---

[1] In Bivens, the Supreme Court created a counterpart to § 1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under § 1983.

[2] The case law cited by the respondent in arguing that "Ground One and Ground Three are unsupported in fact and law," are in fact civil rights cases filed pursuant to 42 U.S.C. § 1983.

right to be placed in a particular prison facility with a particular drug treatment program. See McKune v. Lile. 536 U.S. 24, 39 (2202). Therefore, to the extent that the petitioner alleges a violation of his constitutional rights with respect to his security classification or access to particular programming he fails to state a claim for relief pursuant to § 2241.

In addition, the extent that the Court were inclined to construe this allegation as a challenge to the state sentence and consequent detainer under 28 U.S.C. § 2254, the same fails as well. Pursuant to 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person **in custody pursuant to the judgment of a State court** only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (Emphasis added).

Here, the petitioner is currently in custody pursuant to the judgment of a federal court. Only after the expiration of his federal sentence will the petitioner be in custody pursuant to the judgment of a state court. Therefore, a direct challenge to his state sentence and consequent detainer is premature. The BOP does not decide the validity of a state detainer, which according to agency policy, "will remain in full force and effect, unless and until the charges from the 'receiving state' are dismissed and/or the receiving state authorizes, in writing the removal of the detainer." (Doc. 14-13, p. 10).[3]

## VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss or in the Alternative, Motion for Summary Judgment (Doc. 15) be **GRANTED** and the petitioner's

---

[3] In fact, the petitioner does not give any explanation why the Virginia detainer is improper. As previously noted, the petitioner appeared at the show cause hearing and admitted to the violation of supervised probation. Because the petitioner was already in federal custody, the state could not confine him on his probation revocation, but instead, lodged a detainer against him to ensure the eventual execution of that state sentence.

§2241 petition be **DENIED and DISMISSED.**

Within fourteen (14) days after being served with a copy of this Recommendation, any party may filed with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: April 30, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE